**Richard HART, Plaintiff–Appellant,**

v.

**PROGRESSIVE CASUALTY INSURANCE COMPANY, Defendant–Appellee.**

No. 05–35511.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 26, 2006.

Filed Aug. 24, 2006.

---

David D. Clark, Esq., Anchorage, AK, for Plaintiff–Appellant.

Gary A. Zipkin, Esq., Guess & Rudd, Anchorage, AK, for Defendant–Appellee.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.

Before: KOZINSKI, BERZON, and TALLMAN, Circuit Judges.

### MEMORANDUM *

■ Richard Hart argues that the insurance policy's exclusionary clause prohibiting coverage for damages caused by "inadequate maintenance" cannot be interpreted to apply to the sinking of the *Footloose*. The district court properly determined that the contractual language was unambiguous and, even when interpreted in favor of the insured's reasonable expectations, applied to Hart's action leaving his boat in a state of unreasonable disrepair. *See Farquhar v. Alaska Nat'l Ins. Co.*, 20 P.3d 577, 579 (Alaska 2001) (stating that while Alaska courts "try to effectuate the reasonable expectations of lay parties ... regardless of whether the policy language is ambiguous," the reasonable expectation approach "is not to be used as an instrument for ignoring or rewriting insurance contracts" (internal quotations omitted)).

■ Hart then argues that, even if his actions fall within the ambit of the insurance policy's exclusionary clause, they were not the dominant cause of his loss. The district court properly granted Progressive summary judgment because Hart failed to present a genuine issue of material fact as to the dominant cause of the boat's sinking. Progressive established a prima facie case of negligence demonstrating that Hart's inadequate maintenance was the dominant cause, as contemplated by Alaska Statute § 21.36.212. Hart offered insufficient evidence in rebuttal to establish a different dominant cause. *See*

R. 36–3. Because the parties are familiar with the facts, we recite them only as necessary.

*Angel v. Seattle–First Nat'l Bank,* 653 F.2d 1293, 1299 (9th Cir.1981) ("[a] motion for summary judgement cannot be defeated by mere conclusory allegations unsupported by factual data").

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.